**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT and BEVERLY CANDRIAN, husband and wife, and SCOTT and BEVERLY CANDRIAN on behalf of RS INDUSTRIES, INC., an Iowa Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>RS INDUSTRIES, INC., an Iowa Corporation, PERRY HINTZE, STANLEY HINTZE, TIM HINTZE, JEFF HINTZE, TODD HINTZE, GREG HESTER, and KEVIN CONKLIN,<br><br>    Defendants. | No. CIV 13-088-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Verified Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 84) and Defendants' Motion to Dismiss for Lack of Jurisdiction the Application for TRO and Preliminary Injunction (Doc. 85). The parties presented limited argument on October 1, 2013, and the Court took the matter under advisement. In light of the detailed briefing and the Court's history with this matter, the Court finds it would not be assisted by any further argument.

*Procedural Background*

On May 21, 2013, this Court denied the prior application for a preliminary injunction sought by Plaintiffs Scott and Beverly Candrian (the "Candrians"). In denying the application, the Court determined that there was some probability that the Candrians would

1  be successful in their claims; however, the Court did not find that a significant showing has

2  been made. In considering whether irreparable harm had been shown, the Court stated:

> The concerns the Court expressed in issuing the Temporary Restraining Order have been alleviated by the testimony presented at the Preliminary Injunction hearing. The testimony establishes that the companies will be able to continue to be bondable and maintain a line of credit. Included within this consideration is that Candrian does not object to a forensic audit of Sun. Further, Hintze has agreed that Candrian's employment will not be terminated prior to the expiration of the employment contract and his testimony indicates that discussions for future consulting are ongoing. Additionally, the parties agree that Kinseth will be Candrian's successor. The testimony establishes the strong financial health of RS and Sun and that all parties are interested in the continuing success of the companies.
>
> The dispute between the parties is a contract dispute which may be remedied by money damages. Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award. *Cal. Pharmacists Ass'n v. Maxwell Jolly*, 563 F.3d 847, 852 (9th Cir.2009), *modified on other grounds*, *quoting Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Although there may be some likelihood of success by Candrian in this lawsuit, the Court finds that no *irreparable* harm will result if a Preliminary Injunction is not issued. Rather, any injuries related to the allegations in the Amended Complaint can be remedied by a damages award.

May 21, 2013, Order, Doc. 72, pp. 7-8.[1]

Defendants have filed a Motion to Dismiss (Doc. 42) and the Candrians have filed a Motion for Leave to File a Third Amended Complaint (Doc. 78) and a Motion for Limited Expedited Discovery (Doc. 79). These motions are contested by the opposing parties and are pending a ruling by the Court.

On September 28, 2013, the Candrians filed a new Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 84); Defendants have filed a Motion to Dismiss for Lack of Jurisdiction the Application for TRO and Preliminary Injunction (Doc. 85).

*Standard for Injunctive Relief*

To obtain injunctive relief, a moving party must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor."

---

[1] The Court having more extensively set forth the applicable law and facts of this case in the prior injunction proceeding, the Court will not repeat those standards and facts.

1  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.2003).  The Ninth Circuit has
2  explained that "these two alternatives represent 'extremes of a single continuum,' rather than
3  two separate tests.  Thus, the greater the relative hardship to the moving party, the less
4  probability of success must be shown." *Immigrant Assistant Project of Los Angeles County*
5  *Fed'n of Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir.2002), citation omitted.

*Second Application for Temporary Restraining Order and Preliminary Injunction*

In considering the Candrians' request for injunctive relief, the Court considers the evidence previously presented to the Court and the new allegations submitted by the Candrians.  As the parties dispute the facts and events of what has transpired since the Court's last consideration of these issues, for the purposes of this Order, the Court will accept the Candrians' allegations.  The Candrians assert Defendants have "seized control of Sun's IT system and access to corporate records, sued Sun's IT manager, blocked by legal action Candrian's efforts to audit RS's books and records, and hired a new accountant and paid it over $1 million to conduct a forensic audit of Candrian and Sun in support of their litigation efforts." Application, Doc. 84, p. 4.  The Candrians further assert Respondent Hintze has not cooperated in efforts to maintain a workable *status quo* and has underhandedly and recklessly attempt[ed] to wrest control of Sun from Candrian regardless of the inevitable collateral damage to Sun and Sun's employees.  *Id*. at 5.  The Candrians also allege that Defendant Perry Hintze:

> acting in his self-proclaimed role of RS President, issued an unprecedented and illegal "consent resolution" summarily removing Beverly and Scott Candrian as Sun's directors and replacing them with Todd Hintze, Stanley Hintze, and Kevin Conklin. [Footnote omitted.] In a second "consent resolution", these new alleged "directors" of Sun then purported to remove all of Sun's existing officers, including Candrian and Kinseth, and purported to install Conklin as Sun's new President. The new "directors," acting pursuant to the apparent authority fo the foregoing sham "resolutions", also seized control of Sun's bank accounts by removing Candrian and all other authorized signers on those accounts.

*Id*., at 6. The Candrians further assert Conklin subsequently arrived at Sun's headquarters to take over as Sun's new president and Defendants' attorneys initiated an action in state court.

- 3 -

1    The Candrians argue that these and other actions clearly show that Defendants are more interested in seizing control of Sun that in ensuring its continued success. Specifically, the Candrians point to Conklin's lack of familiarity and developed relationships with Tucson's business community. The Candrians argue Defendants have not shown they have the ability to satisfy a substantial damages award and, even if they could, "[n]o amount of money could compensate Candrian for being forced to surrender the company he founded to the Hintzes months, if not years, before receiving a dime of the promised compensation." *Id.* at 11.

Generally, economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award. *Cal. Pharmacists Ass'n v. Maxwell Jolly*, 563 F.3d 847, 852 (9th Cir.2009), *modified on other grounds*, *quoting Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Although the Candrians have argued that the destruction of Sun warrants equitable relief, the facts as alleged by the Candrians do not show that Defendants' conduct is likely to destroy Sun. Rather, there is nothing to establish that either the Candrians or Defendants have anything other than an interest in Sun maintaining its success. Rather than the evidence showing that Defendants' conduct may negatively affect Sun's success, the evidence and facts alleged show both the Candrians and Defendants seek to pursue action each believe is in Sun's best interests – the parties simply disagree about the best way to ensure that success. The evidence shows that it is the continued inability and/or unwillingness of the parties to work together that may negatively affect Sun's future success.

The Candrians having failed to clearly show that irreparable harm warranting equitable relief, rather than economic damages, is possible, the Court finds it appropriate to deny the requested injunctive relief. To the extent Defendants seek dismissal of the requested injunctive relief because economic loss is not a basis for injunctive relief, the Court will grant the Motion to Dismiss the Application for TRO and Preliminary Injunction.

Accordingly, IT IS ORDERED:

1.   Plaintiffs' Verified Motion for Temporary Restraining Order and Preliminary

- 4 -

1 | Injunction (Doc. 84) is DENIED.

2. Defendants' Motion to Dismiss for Lack of Jurisdiction the Application for TRO and Preliminary Injunction (Doc. 85) is GRANTED.

DATED this 3rd day of October, 2013.

_____
Cindy K. Jorgenson
United States District Judge